### PEOPLE v. LEEHEY.

#### No. 10,394; September 13, 1879.

**Grand Larceny—Theft of Horse—Value as Criterion.—**Under section 487 of the Penal Code, larceny of a horse or mare is grand larceny, though the value of the animal is less than fifty dollars.[1]

**Embezzlement of Horse—Punishment—Section 514 of the Penal Code** is not to be construed so as to make the embezzlement of a horse or mare punishable as less than grand larceny.

By the COURT.—The indictment in this case is for the embezzlement of a mare, alleged to be of the value of fifty dollars, and the defendant having been found guilty as charged in the indictment, was sentenced to the state prison for a term of years, and appeals from the judgment.

It is insisted that inasmuch as the property did not exceed fifty dollars in value, the punishment could not exceed that for petit larceny. But under section 487 of the Penal Code the larceny of a horse, mare, etc., is grand larceny, without reference to the value of the property; and section 514 of the same code provides that "every person guilty of embezzlement is punished in the same manner prescribed for feloniously stealing property of the value of that embezzled."

Under these provisions, the stealing of one of the enumerated animals, however inconsiderable its value, can in no case constitute the offense of petit larceny; and it necessarily results that unless the embezzlement of an animal of the value of fifty dollars or less can be punished under section 514, as for grand larceny, it cannot be punished at all. By section

---

[1] **Cited** and followed in People v. Gilbert, 57 Cal. 97, where the verdict of the jury was "guilty, as indicted, to the sum of ninety dollars." The court said that this verdict, although not very artistically worded, was sufficient.

Cited and followed in People v. Salorse, 62 Cal. 143, where the trial court was affirmed in having refused an instruction that if the value of the horse did not exceed fifty dollars, the jury must acquit.

Cited and followed in People v. Wickham, 116 Cal. 386, 48 Pac. 329, where the value of the horse stolen was only forty dollars.

503, embezzlement is defined as "the fraudulent appropriation of property by a person to whom it has been entrusted." This includes all personal property, whether it be of great or little value; and it is, of course, embezzlement, and therefore a public offense, though the property be less than fifty dollars in value. The only punishment for the offense is that prescribed by section 514; and if under that section the embezzlement of an animal worth fifty dollars or less cannot be punished, we shall have the anomaly of a public offense, expressly declared to be such by statute, and for which no punishment has been provided. Any construction of the statute which would lead to so absurd a result should be avoided, if practicable; and we find no difficulty in holding that under the provision that embezzlement "is punishable in the same manner prescribed for feloniously stealing property of the value of that embezzled," it was intended that the embezzlement of an animal worth fifty dollars or less should be punished as grand larceny.

We deem it unnecessary to notice the other points made by the appellant.

Judgment and order affirmed.

WALLACE, C. J., Dissenting.—When the property feloniously taken exceeds fifty dollars in value, the offense is grand larceny. But if the property so taken be taken from the person of another, the offense is grand larceny even though the value be less than fifty dollars. So if the property taken be of the equine species, the offense is grand larceny, regardless of the actual value of the animal stolen: Penal Code, sec. 487. The statute in these last two cases has ignored mere value in defining the offense of grand larceny.

But in the offense of embezzlement the feature of value is preserved. "Every person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value [not, as I conceive, of the mere description or character] of that embezzled," etc.: Section 514. Now, it is set forth in the indictment that the value of the mare, which is the subject of the embezzlement charged, did not exceed

the sum of fifty dollars, and yet the judgment of the court below which is now affirmed here is that the prisoner be imprisoned in the penitentiary as though the mare had been stolen instead of embezzled. If the embezzlement of the mare in question be a felony regardless of her actual value, for the reason that she might have been stolen, and if stolen, the stealing would have been a felony, then the embezzlement of any trinket or article of wearing apparel, however small its value, will also be a felony, for the reason that it, too, might have been stolen from the person of its owner, in which case it would have constituted grand larceny per se.

Without now entering upon a more extended discussion of the question, I must dissent from the opinion and judgment of the majority in this case.